[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/29/98
THOMAS K. KAHN
CLERK

_____

No. 97-3140
Non-Argument Calendar
_____

D.C. Docket No. 94-50372/LAC

SAMMY D. BARNES, and
RAY C. DUNLIN, et al.

Plaintiffs,

versus

JOHN H. DALTON, Secretary, Department of the Navy

Defendant-Appellee.

MARK EVAN FREDERICK

Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 29, 1998)**

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

CARNES, Circuit Judge:

In the underlying case which gives rise to this appeal, the plaintiffs asserted claims that they, and a class of persons they purported to represent, were discriminated against by the defendant on the basis of their race. The district court granted summary judgment for the defendant on both the plaintiffs' individual and class claims. Following the entry of judgment for the defendant, he moved to sanction plaintiffs' counsel, Mark Evan Frederick and Sadie Stewart, under 28 U.S.C. § 1927 and the court's inherent power. The district court granted defendant's motion in part, awarding the defendant $70,620.20 as sanctions against Frederick. After a rehearing on that issue, the court reduced the award against Frederick to $10,000.00. He appeals from that decision. We affirm.

Frederick filed this suit in November of 1994. The complaint alleged that the plaintiffs and a putative class had been the victims of a pattern and practice of racial discrimination and/or facially neutral practices which had an adverse impact on black workers. Additionally, the complaint specifically alleged that the plaintiffs had exhausted their administrative remedies. The defendant moved to dismiss the suit contending, among other things, that the plaintiffs had failed to exhaust their administrative remedies. In May of 1995, the district court dismissed the suit on other grounds, finding that none of the named plaintiffs

had alleged any injury in fact and that service of process had never been perfected upon the defendant to begin with.

Frederick filed an amended complaint on behalf of the plaintiffs later that month. The amended complaint included the same allegations contained in the initial complaint, but added disparate treatment claims on behalf of the named plaintiffs. However, Frederick again failed to properly serve the defendant who again moved to dismiss the complaint. In response, Frederick filed a motion for a default judgment to which the defendant was forced to respond. Because service had not been perfected upon the defendant, the court denied the motion for default. Instead of dismissing the amended complaint, the district court gave the plaintiffs additional time to perfect service upon the defendant. Frederick filed a second amended complaint in August of 1995, and apparently perfected service upon the defendant within the requisite period. The second amended complaint was substantially identical to the first.

In October of 1995, the defendant moved for summary judgment on both the plaintiffs' individual claims and the class claims. To refute the plaintiffs' pattern and practice and disparate impact claims, the defendant was forced to hire an expert, Dr. Mary Dunn Baker, to perform a statistical analysis of the

3

racial composition of defendant's workforce and to provide testimony. Shortly after the defendant moved for summary judgment, Frederick withdrew as counsel for the plaintiffs and Stewart was retained in his place. In July of 1996, the district court granted summary judgment for the defendant on the class claims, finding that (1) no class representative had a cognizable claim; (2) at no time had a motion to certify the class been filed; and (3) in each of the complaints the plaintiffs had failed to comply with local rule 23.1 which required them to set forth detailed allegations of fact demonstrating that the prerequisites to the maintenance of a class action (e.g., numerosity, commonality, typicality, and adequacy) had been met. Then, in August of 1996, the court granted summary judgment to the defendant on the plaintiffs' individual claims, finding that none of them had timely exhausted their administrative remedies.

Following the entry of summary judgment, the defendant moved the district court to sanction Frederick and Stewart in the amount of $70,620.20, that amount being the cost to the defendant of Dr. Baker's services and testimony. The court noted that it was not clear whether it could award expert witness fees as a sanction under 28 U.S.C. § 1927, but that it could do so under its inherent

power if plaintiffs' counsel had acted in bad faith. The court found that the following constituted bad faith conduct: (1) repeatedly filing a complaint containing claims which plaintiffs' counsel knew or should have known was time-barred; (2) the repeated failure to perfect service upon the defendant coupled with the filing and pursuit of a motion for default in spite of the knowledge that service had not been perfected; (3) repeatedly filing a complaint which did not comply with local rule 23.1; and (4) repeatedly filing a complaint containing claims of pattern and practice and disparate impact racial discrimination without any evidence to support such theories of recovery.

With respect to the amount of sanctions sought by the defendant, the district court found that: "Defendant incurred the fees and costs for Dr. Baker's declaration only because Plaintiffs, through Mr. Frederick, filed frivolous allegations of adverse impact and a pattern and practice of discrimination which were time-barred and/or had no basis in fact." The court found that the bad faith conduct which caused the defendant to incur those costs was attributable to Frederick alone. Therefore, the court awarded the defendant $70,620.20 in sanctions against Frederick. After a rehearing during which Frederick produced

5

his financial records for in-camera inspection, the court reduced the sanction to $10,000.00.

We review a district court's decision to impose sanctions under its inherent power for an abuse of discretion. See Chambers v. NASCO, Inc., 501 U.S. 32, 55, 111 S. Ct. 2123, 2138 (1991). The key to unlocking a court's inherent power is a finding of bad faith. See In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Primus Automotive Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (internal quotation and citation omitted).

As noted above, the district court found that a number of Frederick's actions in this case demonstrated bad faith. On appeal, he argues that none of the cited conduct supports the district court's finding. Specifically, Frederick argues (1) that he had a good faith belief that the plaintiffs' claims were not time-barred under a continuing violation theory and/or that the plaintiffs' claims should have been construed as claims for relief under 42 U.S.C. § 1981, which

6

does not have an exhaustion of administrative remedies requirement, and (2) that a 1993 EEOC report finding a manifest imbalance of minorities in high grade positions in defendant's workforce coupled with over twenty complaints of racial discrimination from defendant's employees provided Frederick with a good-faith basis for pursuing the disparate impact and pattern and practice claims. He does not, however, provide an explanation for his decision to pursue a default judgment against the defendant in spite of the fact that he had not properly served the defendant. Nor does he explain his repeated failure to comply with local rule 23.1.

Our review of the record convinces us that Frederick handled this case in an unprofessional manner. It is clear that throughout his involvement in this case, Frederick frequently failed to follow the local and federal rules. We focus our attention, however, on the allegedly frivolous disparate impact and pattern and practice claims. Frederick's pursuit of those claims caused the defendant to incur the expenses to which the district court tied its award of sanctions. Therefore, unless the district court abused its discretion by finding that Frederick's pursuit of those claims demonstrated bad faith, the award of sanctions is due to be affirmed.

If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith. See Mroz, 65 F.3d at 1576. The district court's explanation of its finding that Frederick had no basis in fact for repeatedly asserting the disparate impact and pattern and practice claims was as follows:

> [T]he court must conclude from Ms. Stewart's failure to adduce any evidence in opposition to Defendant's summary judgment motions that neither of Plaintiffs' counsel ever had such evidence. Because Mr. Frederick's response to the [motion for sanctions] contains no showing to the contrary, there is no weight to his argument that he cannot be liable because he filed the lawsuit in good faith upon information from his clients and withdrew prior to discovery.

Frederick argues that such deductive reasoning is improper. If Frederick had not been given an independent opportunity to demonstrate that he had a reasonable basis in fact for asserting the claims in question, we might agree. However, Frederick was given such an opportunity but he failed to make any "showing to the contrary." Frederick has pointed to nothing in the record that was before the district court which convinces us that the court's conclusion was an abuse of discretion.

Frederick also contends that it was not within the power of the district court to award the defendant Dr. Baker's expert witness fees as a sanction. We

8

disagree.  In <u>Chambers</u>, the Supreme Court stated: "Because of their very potency, inherent powers must be exercised with restraint and discretion.  <u>A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process</u>."  501 U.S. at 44-45, 111 S. Ct. at 1232-33 (internal citation omitted) (emphasis added).  <u>See also</u> <u>Amsted Indus. Inc. v. Buckeye Steel Castings Co.</u>, 23 F.3d 374, 377-78 (Fed. Cir. 1994) (recognizing that under certain circumstances a court can award expert witness fees as a sanction pursuant to its inherent power).  Where, as here, the district court fashions a sanction which is a direct response to the harm that the bad faith conduct of the attorney causes, it is clearly acting within its discretion.

For the foregoing reasons, the order of the district court awarding sanctions in the amount of $10,000.00 against Mark Evan Frederick is AFFIRMED.