[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2009
THOMAS K. KAHN
CLERK

No. 08-11226
Non-Argument Calendar

_____

D. C. Docket Nos. 07-22679-CV-ASG,
BKCY No. 06-14878-BKC-AJ

In Re:          ENRIQUE ANTONIO OCON,

                                                  Debtor.

_____

ENRIQUE ANTONIO OCON,

                                                  Plaintiff-Counter-Defendant
                                                                 Appellant,

                             versus

EQUINAMICS, CORP.,

                                                  Defendant-Counter-Claimant,
                                                  Cross-Claimant-Appellee,

JANINE OCON,

                                                  Defendant-Cross-Defendant,

SHERRI B. SIMPSON,
JAMES A. BONFIGLIO,

                                        Interested Parties-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 19, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Enrique Antonio Ocon and his attorneys, Sherri Simpson and James Bonfiglio, appeal a decision that affirmed the imposition of sanctions by the bankruptcy court in an adversary proceeding. The bankruptcy court awarded Equinamics sanctions based on misrepresentations by Simpson and the defense of those misrepresentations by Bonfiglio. Ocon, Simpson, and Bonfiglio argue that the bankruptcy court abused its discretion when it imposed sanctions. We affirm the sanctions against Simpson and Bonfiglio, reverse the sanctions against Ocon, and remand.

Federal courts possess inherent authority to impose sanctions against attorneys and their clients. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304

(11th Cir. 2006). We review the exercise of that power for abuse of discretion. Id. "'When employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.'" Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2007) (quoting United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004)). This standard "recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision." Schiavo ex. rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005).

The bankruptcy court did not abuse its discretion when it sanctioned Simpson and Bonfiglio. A court may exercise its inherent power to punish bad faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 2133 (1991). "In this regard, if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,'" the court may impose sanctions against the responsible party. Id. (quoting Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179 (1946)). A party commits a fraud on the court when the falsehood mires the "judicial machinery" such that it "cannot perform in the usual manner its impartial task of adjudging cases . . . ." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). Because sanctions are measured against objective standards of conduct, "objectively reckless conduct is

3

enough to warrant sanctions even if the attorney does not act knowingly and malevolently." Amlong, 500 F.3d at 1241. The record establishes that both Simpson and Bonfiglio acted in bad faith.

Simpson misrepresented to the bankruptcy court that Ocon had not received payments of $5000 and $2800 from Equinamics and she later admitted she did not know whether Ocon had been paid. Simpson argues on appeal that it was reasonable to make false representations to "protect[] . . . her client's rights" and based on her "reluctanc[e] to concede facts that had not yet been established," but that argument ignores Simpson's overarching duty of candor to the court. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal."). Simpson later failed to question Ocon and correct the misrepresentation, even though Equinamics submitted documents with its motion to dismiss that established it had paid Ocon. See Byrne v. Nezhat, 261 F.3d 1075, 1117 n.83 (11th Cir. 2001) ("'[A]s an officer of the court[, counsel has] a "continuing duty to inform the Court of any development which may conceivably affect the outcome of litigation."'" (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 457 (4th Cir. 1993)); see also Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) ("If particularly egregious,

4

the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith."). Simpson's misconduct also multiplied the proceedings unnecessarily. See Amlong, 500 F.3d at 1241 ("[A] district court may impose sanctions for egregious conduct . . . even if the attorney acted without the specific purpose or intent to multiply the proceedings.").

Bonfiglio perpetuated Simpson's fraud. The day after Simpson made her false statements, Bonfiglio failed to make reasonable inquiries before the hearing and defended Simpson's false statements. Bonfiglio's actions needlessly forced Equinamics to prove that it had paid Ocon. See id.; Barnes, 158 F.3d at 1214.

Bonfiglio argues that he was not notified that Equinamics sought to sanction him, but this is contrary to the record. "Due process requires that the attorney be given fair notice" from either the court or the complaining party "that his conduct may warrant sanction" and an opportunity to respond. In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995). Equinamics sought sanctions against Ocon and his counsel, the motion discussed Bonfiglio's conduct at the second hearing, and Bonfiglio appeared at the motion hearing. Bonfiglio failed to respond to the motion or address the bankruptcy court at the hearing. Id. Bonfiglio received due process.

Although we affirm the sanction against Simpson and Bonfiglio, we conclude that the bankruptcy court abused its discretion when it imposed sanctions

5

against Ocon.  The bankruptcy court did not mention any misconduct by Ocon in its order; instead, the court sanctioned Ocon based on the misrepresentations of Simpson and Bonfiglio.  "Sanctionable conduct by a party's counsel does not necessarily parlay into sanctionable conduct by a party."  <u>Byrne</u>, 261 F.3d at 1123. We reverse that portion of the order that sanctioned Ocon.

We **AFFIRM** the sanctions against Simpson and Bonfiglio, **REVERSE** the sanctions against Ocon, and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS**.