[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10843
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61618-WJZ


KENNETH ARUGU,

                    Plaintiff - Counter Defendant - Appellant,

versus

CITY OF PLANTATION,
KIMBERLY STALKER,
LAURETTA DECKER,
a.k.a. Lauretta Arugu,

                    Defendants - Appellees,

WILLIAM SMITH,

                    Defendant - Counter Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Arugu appeals the district court's judgment awarding sanctions against him in the form of $1,953 in attorney's fees. Those sanctions arose from Arugu's filing a pro se "Motion in Opposition" to the district court's order dismissing his lawsuit for failure to comply with a court order. Arugu filed the motion pro se even though his brother, Odiator Arugu, has served as his attorney throughout the proceedings in the case.[1]

I.

Arugu's pro se motion contained unsupported accusations of misconduct by the district court and defense counsel and stated that Arugu had "notified the ACLU, NAACP, the Urban League, Rainbow Coalition, National Action Network, Channel 7 news, Channel 4 news, CNN, Sun-Sentinel news, and the Miami Herald news" about the dismissal of his lawsuit. Arugu asserted that the district court judge was "bias[ed] against [him]," had "abused his authority as a judge," and had

---

[1]Arugu, through his brother as counsel, originally filed a complaint in Florida state court alleging various state law tort claims against these defendants: the City of Plantation, Florida; Officer Kimberly Stalker; Officer William Smith; and Lauretta Decker, who is Arugu's ex-wife. The allegations arose from a domestic dispute at Decker's home, which resulted in Arugu's arrest. Arugu later amended his complaint to assert violations of his Fourth Amendment rights under 42 U.S.C. § 1983, and the defendants removed the case to federal court. Officer Stalker asserted a counterclaim against Arugu for assault and battery, alleging that he "unlawfully struck and battered" her and injured her in the course of his arrest.

"failed to uphold and keep to the oath of office." In response the defendants filed a motion for sanctions.

The motion for sanctions was referred to a magistrate judge, who found that because Arugu was represented by counsel, he was on notice that he was not authorized to file anything pro se. That notice was given in the form of a local rule, which provides: "Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein . . . ." S.D. Fla. R. 11.1(d)(4). In addition to that, Arugu had notice in the form of an earlier order issued by the district court directing him to refrain from filing any more pro se motions because those motions violated Local Rule 11.1(d)(4).

Arugu asserted that he believed that he was no longer represented by counsel at the time he filed the pro se "Motion in Opposition," but the magistrate judge rejected that assertion, finding that Arugu provided "no comprehensible explanation for why, after his attorney filed five post-dismissal documents on [Arugu's] behalf, [Arugu] suddenly considered himself not to be represented anymore," particularly given that his attorney was also his brother. According to the magistrate judge's report, Arugu's arguments were "inconsistent because he simultaneously asserts that he thought that he was not represented by counsel

3

following the dismissal of the matter and that counsel for Defendants should have made efforts to resolve the Motion for Sanctions with his counsel (whom he thought did not represent him) prior to filing the motion."

The magistrate judge also found fault with the content of the pro se filing, which accused the district court judge of being biased, abusing his authority, and failing to uphold his oath of office—all without any substantiating evidence. According the magistrate judge's report, the "Motion in Opposition" apparently was filed for the sole purpose of disparaging the district court judge and attempting to demean the court. The filing did nothing to advance the litigation and actually disrupted it and multiplied the proceedings. The magistrate judge specifically made a finding of bad faith, stating: "In view of these circumstances and [Arugu's] suspect explanation for his pro se [Motion in] Opposition despite the Court's prior Order instructing [Arugu] to make all filings through his attorney, I find that [Arugu] filed his Opposition in bad faith." The magistrate judge recommended that the district court exercise its inherent authority to impose sanctions. The sanction recommended was an award of the fees and costs that were associated with the defendants' filing of their motion for sanctions and defense counsel's attendance at the hearing on that motion.

Arugu filed objections to the report and recommendation. The district court conducted a de novo review of the record, overruled Arugu's objections, and approved and adopted the magistrate judge's report and recommendation, and as a result exercised its inherent authority to award sanctions against Arugu. The court ordered the defendants to file affidavits and supporting documentation to establish the costs and fees they had incurred related to their motion for sanctions.

The defense counsel filed a "Verified Notice of Compliance," asserting that they were entitled to $1,953 based on 12.6 hours of attorney time at a $155 per hour billing rate, which was the rate the City had agreed to pay them for all legal work on the case. They included a detailed list of tasks performed, the date of their performance, and the amount of time each task took in ten-minute increments. They expressly waived any claim to reimbursable costs such as postage and copying, stating that those were nominal.

The district court issued an order construing the defendants' notice of compliance as a motion for attorney's fees. Applying the lodestar method of calculating an award of attorney's fees, the court found that $155 was a reasonable hourly rate, and 12.6 hours was a reasonable amount of time to spend on tasks related to the motion for sanctions. For those reasons, the court ordered Arugu to pay the defendants $1,953. After the district court issued that order, Arugu filed

an "Objection" to the award of fees, which the district court considered, concluding that Arugu's objections to the calculation of fee award were "without merit." Arugu appealed to this Court.

## II.

We review only for abuse of discretion a court's imposition of sanctions under its inherent powers. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1303 (11th Cir. 2009). "In determining whether the court abused its discretion we ask whether it applied the wrong legal standard or made findings of fact that are clearly erroneous." Id. (quotation marks and alteration omitted).

We have explained:

A court may impose sanctions for litigation misconduct under its inherent power. The court's inherent power derives from the court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. This power, however, must be exercised with restraint and discretion.

Id. at 1306 (quotation marks, alterations, and citations omitted). "'The key to unlocking a court's inherent power is a finding of bad faith.'" Id. (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir.1998)). A party engages in bad faith by, among other things, "delaying or disrupting the litigation or hampering enforcement of a court order." Id.

6

Arugu contends that he did not act in bad faith by filing the pro se motion in opposition, even though he was represented by counsel and the district court had already ordered him not to file any more pro se motions. That contention is untenable. The magistrate judge's finding of bad faith was not erroneous, much less clearly erroneous. It was based on a finding that Arugu's pro se motion disrupted the litigation and multiplied the proceedings. The magistrate judge noted that the defendants had to respond to that motion, and the court had to hold a hearing on the defendants' response. There was also a finding that Arugu's explanation for his actions was "suspect." In spite of that finding, Arugu continues to assert in his brief to this Court that defense counsel violated the district court's local rule by failing to confer with his counsel before filing a motion for sanctions, while asserting that he filed his pro se motion because he thought his case was closed and he was no longer represented by counsel. Those assertions are plainly contradictory. Based on those facts as well as the content of Arugu's pro se motion itself, the magistrate judge properly concluded that sanctions were appropriate. In its adoption of that conclusion and its

determination of the amount to be awarded, the district court acted well within the range of its discretion.[2]

**AFFIRMED.**

---

[2]Arugu also argues that he had no opportunity to respond to the defendants' motion seeking fees. That is incorrect. As we have already discussed, Arugu filed an "Objection" after the district court issued its order awarding the fees. The district court considered and then rejected on the merits Arugu's objections to the award, including his assertion that certain items on the list of tasks performed were not related to the defendants' motion for sanctions.