**UNITED STATES of America ex rel. Tiffany BUMBURY et al., Plaintiffs,**

**v.**

**MED–CARE DIABETIC & MEDICAL SUPPLIES, INC., et al., Defendants.**

Case No. 10–81634–CIV.

United States District Court, S.D. Florida.

Signed May 1, 2015.

Elisa Castrolugo, U.S. Attorney's Office, Miami, FL, Erin Michelle Ferber, Robert N. Nicholson, Nicholson & Eastin, LLP, Fort Lauderdale, FL, for Plaintiffs.

Angela M. Papalaskaris, Brown Rudnick LLP, New York, NY, Stephen A. Best, Wayne F. Dennison, Brown Rudnick, LLP, Boston, MA, Alexandra Lyn Tifford, Tifford and Tifford, P.A., Christopher Edson Knight, Fowler White Burnett, Miami, FL, Michael J. Drahos, Fowler White Burnett, P.A., West Palm Beach, FL, Susan H. Aprill, Fowler White Burnett P.A., Fort Lauderdale, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS (DE 185)

JAMES M. HOPKINS, United States Magistrate Judge.

THIS CAUSE is before this Court upon an Order referring the instant motion to the undersigned United States Magistrate Judge for appropriate disposition (DE 202).[1] Before the Court are Defendants' Motion for Sanctions (DE 185) and Nichol-son & Eastin LLP's Response (DE 196). The Court held an evidentiary hearing on the request for sanctions on April 27, 2015 (DE 217), and received pre-hearing briefs from both sides (DE 214, 216). Defendants' Motion is now ripe for this Court's review. For the reasons discussed at the hearing and those that follow, Defendants' Motion for Sanctions (DE 185) is **DENIED.**

### BACKGROUND

This qui tam case was filed under seal in December 2010 pursuant to the False Claims Act. On January 16, 2015, Defendants filed a Motion to Disqualify Plaintiffs' Counsel, the law firm of Nicholson & Eastin, LLP ("N & E"), on the basis of conflict of interest (DE 122). That Motion was referred to the undersigned on January 30, 2015 (DE 131). Following extensive briefing and a two-day evidentiary hearing, this Court issued an Order on March 9, 2015 finding that because attorney Parker Eastin's former and current representations are substantially related, it is irrebutably presumed that Eastin obtained client confidences while representing Med–Care that are relevant to the instant case (DE 183). In addition to the irrebutable presumption, the Court found that Eastin actually obtained some confidences, and thus his conflict was imputed to N & E. After performing a balancing test, the Court disqualified N & E from representing the Relators in this matter.

Upon objections by both sides, the disqualification order was affirmed by the District Court on April 10, 2015 (DE 202). In the April 10 Order, the District Court found that the issue of sanctions was not properly raised before the undersigned, and accordingly referred the issue back to

---

1. Although the instant Motion was filed as a limited objection to this Court's March 9, 2015 Order disqualifying Nicholson & Eastin LLP (DE 185), the District Court stated that the objection will be treated as a motion for sanctions.

the undersigned for appropriate disposition.

In the instant Motion, Defendants contend that, in accordance with either 28 U.S.C. § 1927 or the Court's inherent authority, the sanction of attorneys' fees and costs is justified based on N & E's admitted failure to conduct a meaningful conflict analysis when it commenced this litigation and its refusal to withdraw from further representation after the conflict was explicitly defined. In response, N & E assert that no sanction is justified because its conduct and legal positions regarding the issue of disqualification were objectively reasonable under the facts.[2]

At the evidentiary hearing held on April 27, Eastin provided testimony concerning his thought process as it relates to the conflict check he performed when N & E initially decided to bring this suit against Med–Care in 2010 (DE 217). Eastin testified that when confronted with the potential conflict, he considered the work he had performed on Med–Care's behalf and whether he had actually obtained any of Med–Care's confidences while working at his former law firm, Broad and Cassel. As to the work he had performed, Eastin did not consider either the telemarketing regulatory research or the CMS site-visit response to be substantially related to the claims N & E planned to bring in this False Claims Act case. Eastin admitted he did not compare the issues in this case to those encompassed by his prior firm's representation, but explained that doing so seemed impossible because he was not aware of the full extent of Broad and Cassel's representation of Med–Care, and reaching out to Broad and Cassel to discuss these issues would violate both his current client's and Med–Care's privileges. Because of this limitation, and his belief

that he did not actually learn any of Med–Care's confidences while working at Broad and Cassel which could be used against Med–Care in this case, Eastin concluded that there was no conflict of interest which would have prevented him from representing the Relators. Notwithstanding this ultimate conclusion, Eastin admitted that he did not have any notes to memorialize his conflict analysis or any discussions he had with Nicholson concerning the potential conflict.

## DISCUSSION

 28 U.S.C. § 1927 provides that "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Unreasonable and vexatious conduct under § 1927 is conduct that "is so egregious that it is tantamount to bad faith." *See Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir.2007). "The standard is an objective one turning 'not on the attorney's subjective intent, but on the attorney's objective conduct.'" *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir.2010) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1236 (11th Cir.2007)). In accordance with this standard, the conduct at issue should be compared with how a reasonable attorney would have acted under the circumstances. *See Norelus*, 628 F.3d at 1282. Negligent conduct, without more, will not support a finding of bad faith. *See Amlong*, 500 F.3d at 1241–42.

 A finding of bad faith is likewise necessary to impose a sanction under the Court's inherent authority. *See Chambers*

---

**2.** The facts relevant to the conflict of interest and the legal arguments of each side are discussed in this Court's disqualification order (DE 183), and are incorporated here by reference.

*v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998). "In practice, 'the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.'" *Enmon v. Prospect Capital Corp.,* 675 F.3d 138, 144 (2d Cir.2012) (quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986)). Notwithstanding, the Court should ordinarily rely on the rules or statute when same provide an adequate sanction for the behavior in question. *See Chambers,* 501 U.S. at 50, 111 S.Ct. 2123.

■ With this framework in mind, the Court concludes that N & E's behavior, either at the time it considered the potential conflict in 2010, or when faced with the disqualification motion and subsequent proceedings in 2015, does not rise to the level of bad faith or recklessness sufficient to justify the imposition of sanctions.

Eastin's and Nicholson's behavior at the time they agreed to undertake representation in this matter was far from ideal. Not only did Eastin fail to memorialize his conflict analysis or seek advice from a third party, but he also agreed to not disclose any Med–Care confidences he may have had as if that act alone could have cured any potential conflict. Likewise, Nicholson's acceptance of Eastin's unsubstantiated conclusion and decision to allow Eastin to fully participate in this case despite his knowledge of the potential conflict strongly calls into question his judgment. These behaviors are especially disconcerting given that because this case was filed under seal, N & E owed a heightened duty of candor to the Court, and Eastin had a greater obligation to

protect Med–Care in accordance with his duty of loyalty. *See, e.g., Maine Audubon Soc. v. Purslow,* 907 F.2d 265, 268 (1st Cir.1990) ("Where counsel appears *ex parte* ... the court is entitled to expect an even greater degree of thoroughness and candor from unopposed counsel than in the typical adversarial setting."); *United States v. Toader,* 582 F.Supp.2d 987, 991 (N.D.Ill.2008) (because the government sought relief on an ex parte basis, it assumed "an enhanced duty of candor and care, due to the absence of an opportunity for adversarial challenge"). Med–Care has been prejudiced not only insofar as Eastin was permitted to investigate this case for the four years while it was maintained under seal, but also because the memories related to what actual confidences might have been shared have since been lost.

Nevertheless, after a review of all the facts and upon consideration of Eastin's testimony, the Court finds that these errors in judgment do not show bad faith. Eastin's explanation of his conflict analysis, however deficient, is credible and sincere. The Court recognizes that when an attorney moves to a new firm, his conflict analysis will be somewhat limited by his understanding of the depth of the former representation. *See* Rule Regulating Fla. Bar 4–1.10 cmt. In any event, Eastin and Nicholson were ultimately punished for their judgment lapses through their disqualification in this case.

■ Evidence of bad faith is similarly lacking in relation to N & E's actions in defending against disqualification. Rather, both parties raised multiple factual and legal issues which required thorough analysis by this Court. For example, the Court had to perform an extensive analysis of what it means for two issues to be "substantially related" for purposes of disqualification, and in fact asked the parties

to provide additional briefing on this issue following the second of the two disqualification hearings (DE 165, p. 30). *Cf. Somascan Plaza, Inc. v. Siemens Med. Sys., Inc.*, 187 F.R.D. 34, 43 (D.P.R.1999) (denying the request for sanctions in relation to a disqualification motion and finding that applying the substantially related test "is a fact-specific inquiry which requires the court to closely examine the facts of both the previous and current representation"). Indeed, at several times, the Court acknowledged during that hearing that these issues are "nuanced," "precise," "subtle," and require "critical analysis" (DE 165, pp. 27, 30–31). Although N & E did not ultimately prevail on its arguments, the Court does not find that its arguments were frivolous or made with an improper purpose.

### CONCLUSION

In light of the foregoing, the Court finds that N & E's conduct was not so unreasonable and egregious as to be tantamount to bad faith. Accordingly, Defendants' Motion for Sanctions (DE 185) is **DENIED.**