[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11400
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80572-KAM

MICHAEL IBEZIM,

Plaintiff-Appellant,

versus

THE GEO GROUP, INC.,

Defendant-Appellee,

ATD MEDIATION & ARBITRATION P.A.,

Interested Party-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 25, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

This is a fight over fees.  The appellant Michael Ibezim sued The GEO Group, Inc., his former employer, for employment discrimination.  He lost.  But before he lost, Ibezim and GEO Group agreed to mediate the case, choosing ATD Mediation & Arbitration P.A. as the mediator.

As mediators do, ATD charged the parties a fee for its work.  GEO Group paid the fee; Ibezim did not.  So, after months of trying to recover payment for its services, ATD moved to compel the mediation fee and for accompanying attorney's fees and interest.

The district court sided with ATD, awarding the fees on several grounds and setting a deadline for payment.  Rather than pay the fee, though, Ibezim moved for reconsideration.  The district court rejected the bid and reaffirmed its order, again setting a payment deadline.  But Ibezim missed this deadline, prompting ATD to move for a judgment on the fee award.  The court entered the judgment against Ibezim and his counsel, jointly and severally.[1]  It also awarded the mediation fee, interest, and the attorney's fees that ATD incurred throughout the saga.

---

[1] We note at the start that we lack jurisdiction over any appeal in the name of Ibezim's counsel, Emelike Nwosuocha, from the district court's order assessing attorney's fees against them both jointly and severally.  The notice of appeal stated that only Ibezim appealed from the district court's order.  Because the "failure to name a party in a notice of appeal . . . constitutes a failure of that party to appeal," *Holloman v. Mail–Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006), Nwosuocha has failed to perfect any appeal he may have here.

Ibezim does not dispute that he owes the mediation fee.  Nor does he dispute the interest rate applied.  The issue on appeal is whether the district court correctly awarded attorney's fees.

## I.

A litigant, absent a statute or enforceable contract, must typically pay its own attorney's fees in federal court.  *See Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1471 (11th Cir. 1984).  Even so, a court may award attorney's fees as a sanction under its inherent power to police its docket and enforce its orders.  *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  The court can exercise this authority when a party acts in bad faith.  *See id.*  Among other ways, a party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."  *Id.*

When invoking its inherent power, "a court must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees."  *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).  This means the party or attorney must receive "fair notice" that its "conduct may warrant sanctions and the reasons why."  *Id.*  The party must also have the chance to respond to the invocation of sanctions and to justify its actions.  *See id.* at 1575–76.

We review a district court's factual finding of bad faith for clear error.  *See Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1213 (11th Cir. 2015).  But

we review an award of attorney's fees as a sanction for abuse of discretion. *See*

*Barnes*, 158 F.3d at 1214. This means that we will reverse after a proper finding of

bad faith only if the district court failed to apply the proper legal standard, failed to

follow proper procedures, or made a clear error in judgment or finding of fact. *See*

*Rath v. Marcoski*, 898 F.3d 1306, 1309 (11th Cir. 2018).

A district court acts within its discretion when it "fashions a sanction which

is a direct response to the harm" that the bad-faith conduct caused. *Barnes*, 158

F.3d at 1215. As for assessing the reasonableness of attorney's fees, the district

court is qualified to make this decision based on its years of experience. *See*

*Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir.

1988) (holding that a district court may use its own expertise and judgment to

determine a reasonable fee award).

## II.

Having reviewed the record with care, we find no error in the district court's

fee award. To start, the district court justifiably awarded ATD attorney's fees

based on evidence of Ibezim's bad faith. And given the harm caused, the award

was an appropriate sanction.

## A.

The court did not err in tapping its inherent authority to award attorney's

fees, because this record smacks of bad faith. For one thing, the court noted that

4

ATD tried *seven times* to collect the unpaid invoice before moving to compel payment. For another, Ibezim twice ignored the court's order to pay the mediation fee. And he ignored the court's local rule requiring that a litigant pay a mediation fee within 45 days. *See* S.D. Fla. L.R. 16.2(b)(7).

If this weren't enough, the court twice warned Ibezim—in bold font and all caps—that he would face sanctions if he did not pay the court-ordered fee, including another award of attorney's fees. This caution came against a backdrop of barebones filings and broken local rules—so many that the court found that Ibezim's conduct had created "an unnecessary and expensive exercise for ATD, and a waste of judicial resources."

Though the court never used the magic words "bad faith," its analysis was a finding of bad faith in everything but name. A result to the contrary would exalt form over substance. And given the court's repeated warnings and the many filings Ibezim submitted about the mediation fee, Ibezim had more than enough notice and comment to satisfy due process.[2]

To be sure, Ibezim claims to have an excuse for at least his failure to respond in time to the motion to compel payment. He says that his counsel was out

---

[2] The district court also noted that Ibezim had agreed to pay ATD's attorney's fees at a rate of $400 per hour should ATD need to move to compel payment of the fee. Because we hold that the court justifiability used its inherent power to award fees, we do not address the validity of any agreement between Ibezim and ATD. But we note that Ibezim does not dispute that he made such an agreement.

5

of the country when the response was due because counsel thought that the district court proceedings were over once Ibezim filed his notice of appeal on the case's merits. He seems to argue that this good-faith belief should excuse his failure to respond, rendering the fee award unreasonable.

This response rings hollow; there was simply no reason to think that the district court proceedings were over. It is "well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982). And the district court's local rules allow a mediator to compel payment of a mediation fee by court order. *See* S.D. Fla. L.R. 16.2(b)(7). As ATD had peppered Ibezim with payment requests for months (most of which came before his counsel traveled abroad) [3], Ibezim either knew or should have known that this matter could still arise in district court.

In any event, Ibezim's counsel was back in the country for four days before the response was due and almost two weeks before the court granted the motion to compel. He thus had ample time to move for an extension. He did not do so. So rejecting his excuse was no error.

Ibezim also says that he tried to pay the mediation fee right after the mediation finished and that this should absolve him of his failure to pay the later-

---

[3] In one of these pre-travel requests, ATD's counsel even offered to waive the attorney's fees that ATD had incurred if Ibezim promptly paid the mediation fee. Even then, Ibezim did not take the olive branch.

sent invoice.  Yet it was reasonable for the mediator to reject on-site payment in favor of a paper bill.  Indeed, the mediator might not have had the total sum handy at the end of the session.  And the mediator understandably may prefer paper bills to create a paper trail.  At any rate, Ibezim had a wealth of chances to pay the fee after this attempt.  The district court therefore did not abuse its discretion in discrediting this excuse.

**B.**

The record also supports the court's finding that the hours billed and the rate charged were reasonable as a sanction.  As the district court noted, ATD's counsel drafted four filings related to three substantive motions at a rate of $400 per hour.  Each filing was born by Ibezim's refusal to pay the mediation fee and follow court orders.  The court also conducted a line-item review of the bills, noting throughout its orders that ATD's counsel spent 5.1 hours working on ATD's motion to compel, 3 hours working on ATD's response to Ibezim's motion for reconsideration, 3.5 hours working on ATD's motion for judgment, and 3 hours working on ATD's reply in support of the motion for judgment.

Given its experience, the court found these amounts to be reasonable.  *See Norman*, 836 F.2d at 1304.  And awarding ATD these attorney's fees as a sanction was a direct and appropriate response to the harm Ibezim caused.  *See Barnes*, 158 F.3d at 1215.  Because Ibezim has not established that the district court failed to

apply the proper legal standard, failed to follow proper procedures, or made a clear error in judgment or finding of fact, *see Rath*, 898 F.3d at 1309, we see no reason to upset its determination.[4]

## III.

Ibezim claims that it is excessive to balloon a mediation fee from just over $700 to just under $7000. But Ibezim is to blame for the inflation. Because the district court properly awarded ATD its attorney's fees, its judgment is

**AFFIRMED.**

---

[4] In fact, it's unclear exactly what bone Ibezim has to pick with the fee calculation. He does not dispute that he agreed to a $400 hourly rate when he agreed to use ATD as a mediator. Nor does he dispute that he agreed to the 12% interest rate that the district court ultimately applied to the mediation fee. He also makes no specific attack on any part of ATD's fee ledgers; he merely levies a general allegation that the fees are too much. This lack of specificity hobbles his appeal. *See Norman,* 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight . . . . As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").