[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-10414; 19-11032

_____

D.C. Docket No. 0:18-cv-61825-JIC

PLANTATION OPEN MRI, LLC, a/a/o JORGE HIDALGO,
on behalf of itself and all others similarly situated,

Plaintiff-Appellant,

versus

INFINITY AUTO INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 15, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plantation Open MRI, LLC brought this class action against Infinity Auto

Insurance Company for breach of contract.  Due to some interesting choices by

Plantation's lawyer, the district court sanctioned both the lawyer and the company.

The court also granted Infinity's motion to dismiss for failure to state a claim.  On

appeal, Plantation challenges both rulings.  We detect no error and affirm.

I.

This case started out as a bland contract case, with Plantation (a medical

services provider) claiming that Infinity had underpaid its insureds' personal injury

protection benefits.  But things soon got messy.  In its initial disclosures,

Plantation's lawyer said that "the parties have stipulated that there is only a

question of law that governs the dispute."  The problem was that Infinity never

stipulated to that, a point it made sure to flag for Plantation.  Rather than walk back

the false claim, Plantation doubled down and actually asked the district court to

sanction Infinity under Rule 11 for denying the stipulation.

Troubled by these shenanigans, the district court held a hearing to decide if

Plantation and its attorney should be sanctioned.  The court found that no

stipulation existed.  As the court put it, "there was ample evidence of various

agreements made between the parties in individual (non-class action) state court"

cases—but no testimony that Infinity stipulated that this case involved only a legal

question.  In light of these findings, the court denied Plantation's motion for

sanctions, and the court sanctioned Plantation "for *knowingly or recklessly* filing a

completely frivolous motion for sanctions."  The sanction, an award of attorney's

2

fees to Infinity, was grounded on both the court's inherent authority and Rule 11(c)(2) of the Federal Rules of Civil Procedure.

Infinity later moved to dismiss the complaint for failure to state a claim. The contract specified that reimbursement for "medical expenses shall be limited to and shall not exceed 80% of the schedule of maximum charges" set by Florida law. Yet the complaint alleged that Infinity had to provide 100% coverage of reasonable medical charges. Given the contract's clear language to the contrary, the court granted Infinity's motion to dismiss. Plantation moved for post-judgment relief, which the court denied. Plantation now appeals.

## II.

We review "all aspects of a district court's Rule 11 determination" for an abuse of discretion. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (citation omitted). That means that "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (citation omitted). We review de novo both the dismissal of a complaint and the interpretation of a contract. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019); *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1293 (11th Cir. 2019).

III.

A.

We turn first to the district court's award of attorney's fees, an award based on Rule 11(c)(2) and the court's inherent power. "If any one of the sources of authority invoked by the district court provides a sound basis for the sanctions, we must affirm the sanctions order." *Amlong & Amlong*, 500 F.3d at 1238. Both sources are valid here.

A motion for Rule 11 sanctions comes with some risk. "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). In other words, the "motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Smith*, 750 F.3d at 1260 (citation omitted). So "when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id.*

That is what happened below. Through its attorney, Plantation represented that the parties had stipulated to something when no stipulation existed—and then filed a Rule 11 motion to punish Infinity for opposing the false claim.[1] The court rejected Plantation's frivolous request—which the court found was made in bad

---

[1] Although Plantation later tried to withdraw its motion, it did so for procedural reasons. It stood by its "substantive assertions" and asked the court to "consider invoking its inherent authority in lieu of Rule 11."

4

faith—and by no means did the court abuse its discretion in awarding to Infinity the attorney's fees it incurred during the Rule 11 proceedings.

For the same reason, the court's inherent power also justifies the sanction. "The key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Such a finding is "warranted where an attorney knowingly or recklessly raises a frivolous argument." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted). That is exactly what the district court found, and reasonably so.

### B.

Nor did the court err in dismissing the complaint for failure to state a claim. At the heart of the complaint is a single allegation: Infinity's contract was at least ambiguous about whether the insurer would cover 100% of reasonable medical expenses. Not at all. The contract said that coverage for "medical expenses shall be limited to and shall not exceed 80% of the schedule of maximum charges" set by Florida law.

As Plantation's only support for its full-coverage reading, it points to language in the section entitled "Limits of Liability"—hardly a place one would expect to find an expansion of coverage. And an expansion of coverage is nowhere to be found. Plantation leans heavily on a sentence in the contract

explaining that the total limit of benefits is "based on the difference between such deductible amount and the total amount of all loss and expense incurred."  By Plantation's lights, the sentence means that an insured need only pay a deductible, leaving Infinity to cover the rest of the medical bill.  But the contract does not say that Infinity's coverage *is* the difference between the deductible and total medical expense; it says the coverage is "based on" that difference.  The contract, like the statutory scheme it follows, first applies the deductible to the medical bill and only then requires Infinity to cover 80% of what is leftover.  *See* Fla. Stat. §§ 627.739(2), 627.736(1)(a).  *See generally*, *Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr.*, 260 So. 3d 219, 223–224 (Fla. 2018) (explaining statutory scheme).  No ambiguity exists: the contract simply does not support Plantation's reading.

IV.

The judgment of the district court is **AFFIRMED**.

6