[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12814
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00055-MW-CAS

BLESSING OBUKWELU,

Plaintiff-Appellant,

versus

BOARD OF TRUSTEES FLORIDA STATE UNIVERSITY,
a public body corporate,
GREGORY TODD

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 20, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Blessing Obukwelu appeals following the district court's dismissal with prejudice of her retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII") against the Board of Trustees, Florida State University ("FSU") as a sanction for her misconduct during litigation. On appeal, Obukwelu argues that the dismissal was in error because she had a good faith belief that she did not need to disclose certain, irrelevant evidence during litigation, and a lesser sanction would have been sufficient. FSU, in turn, argues that Obukwelu waived any challenge to the relevancy of the evidence she failed to disclose by not raising such a challenge below.[1]

We review a district court's decision to impose sanctions under its inherent powers for an abuse of discretion. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). That standard requires us to affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007). Generally, we will not consider an issue not raised in the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

---

[1] The district court previously dismissed Obukwelu's claims against Todd with prejudice, which Obukwelu does not challenge on appeal, and we granted Obukwelu's motion to voluntarily dismiss her appeal against Tallahassee Memorial Healthcare, Inc. Accordingly, FSU remains the only defendant in this case.

2

Although the standard of review is abuse of discretion, dismissal of an action with prejudice is a sanction of last resort and applicable only in extreme circumstances. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (stating that the sanction of dismissal is only appropriate when less drastic sanctions would not ensure compliance with the district court's orders).

A district court has inherent powers to manage its affairs in order to achieve the orderly and expeditious disposition of cases. *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). A court may also impose sanctions for litigation misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). "The inherent power to sanction is both broader and narrower than [rule-based] means of imposing sanctions." *In re Mroz*, 65 F.3d at 1575. A district court may impose sanctions using its inherent power "if in the informed discretion of the court . . . the Rules are [not] up to the task." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (quotation marks omitted).

To dismiss an action as a sanction, "[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Mere negligence or confusion is not sufficient to justify a finding of willful conduct. *Id.* The district court must also consider the possibility of alternative, lesser sanctions, but that consideration need

not be explicit.  *Id.* at 484.  "The key to unlocking a court's inherent power is a finding of bad faith."  *Barnes*, 158 F.3d at 1214.  A party demonstrates bad faith by, among other things, committing fraud upon the court, delaying or disrupting the litigation, or hampering enforcement of a court order.  *Id.*

In *Zocaras*, the district court properly dismissed the plaintiff's civil action as a sanction for his misconduct.  *Zocaras*, 465 F.3d at 483-84.  The court determined that (1) the plaintiff intentionally filed his complaint using a false name because he used the same false name to obtain a driver's license nine years earlier; (2) the defendants were prejudiced because they were unaware of additional information that would have been available under the true name, which was not disclosed until trial and two years after the complaint was filed; and (3) lesser sanctions would not be effective because the plaintiff's misconduct harmed the defendants and undermined the integrity of the judicial system.  *Id.*

As an initial matter, Obukwelu waived on appeal her argument as to the relevancy of the Morehouse evidence.  She did not contest the evidence's relevance in the district court but, instead, contested its content.  Additionally, at the evidentiary hearing, she conceded that the evidence was relevant  Thus, Obukwelu waived her argument to the evidence's relevance.  *See Access Now, Inc.*, 385 F.3d at 1331.

4

Regardless, the district court did not abuse its discretion in dismissing Obukwelu's retaliation claim with prejudice as a sanction for her litigation misconduct.  Obukwelu demonstrated willful conduct when she consistently failed to disclose her residency at Morehouse throughout discovery.  *See Zocaras*, 465 F.3d at 483.  For instance, in response to an interrogatory asking her to name all residencies for whom she worked, she did not include Morehouse, and she did not mention her registration for the Step 3 exam while at Morehouse in response to another interrogatory requesting such information. Years before she filed her complaint, Obukwelu similarly failed to list Morehouse on her application to the Florida Department of Health as required to obtain her medical license.  *Zocaras*, 465 F.3d at 483-84.

Even after the discovery of her residency at Morehouse, Obukwelu continued to make misrepresentations to the court during her second deposition that her dismissal from Morehouse was voluntary and she was not informed that she needed to take and pass the Step 3 exam.  *Barnes*, 158 F.3d at 1214.  Not only did Dr. Rose's testimony directly contradict Obukwelu's claims that she lacked knowledge of the requirement that she take and pass the Step 3 exam and that she was not dismissed for failing to do so, documentary evidence also directly contradicted her statements, which were made under oath. *Barnes*, 158 F.3d at 1214.  Thus, the record demonstrates that Obukwelu acted willfully and in bad

faith when she failed, multiple times, to truthfully respond in interrogatories and sworn depositions. *See Zocaras*, 465 F.3d at 483-84; *Barnes*, 158 F.3d at 1214.

Additionally, the district court stated that it recognized the gravity and severity of a sanction of dismissal, but it expressly found that no lesser sanctions would have sufficed to properly punish Obukwelu and deter future litigants. *Zocaras*, 465 F.3d at 483-84. The court had already warned her of the effect of her conduct and provided her opportunities to cure, such as granting additional time and discovery because of her conduct. Her conduct also prejudiced FSU because her residency at Morehouse was discovered a week before trial and three years after she filed her third amended complaint. *Zocaras*, 465 F.3d at 483-84. Thus, Obukwelu has failed to show that the district court abused its discretion by dismissing her retaliation claim.

**AFFIRMED.**

6