[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11927

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff-Appellee,

ALAN J. CANDELL, et al.,

                        Intervenor Plaintiffs,

RYAN K. STUMPHAUZER,
Court Appointed Receiver for Complete Business Solutions, Inc. and other receivership entities,

                        Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,

d.b.a. Par Funding, et al.,

                        Defendants,

JOSEPH COLE BARLETA,

2                      Opinion of the Court                  23-11927

a.k.a. Joe Cole,

                                                  Defendant-Appellant,

FRED A. SCHWARTZ,

                                                      Consol. Defendant,

LEAD FUNDING II, LLC, et al.,

                                                           Intervenors.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Joseph Cole Barleta ("Cole") appeals the district court's contempt order and the accompanying sanctions levied against him. That order emerged from a discovery dispute between Cole and the Receivership created to control an entity for which Cole previously worked and served as an officer. On appeal, Cole makes two main arguments challenging the contempt order and related sanctions. First, he contends that the Receivership ceased to exist during the litigation due to provisions in the Federal Debt Collection Procedures Act and, accordingly, did not "have standing" to ask for the contempt order and sanctions at issue here on appeal. Second,

he asserts that the discovery dispute between him and the Receivership became "stale" before the district court granted the contempt order. In the event we disagree, Cole also asks us to reduce the sanctions amount imposed on him by the district court. After careful review, we conclude that all of Cole's arguments fail and we thus affirm the district court's order and sanctions.

**I**

The narrow issues presented in this appeal stem from a broader securities fraud litigation involving Par Funding and associated companies. At the outset of the litigation, the SEC asked the district court to appoint a receiver to preserve the assets and records of Par Funding and affiliated entities. The district court granted this request and authorized the Receiver—among other things—to collect financial records relating to the entities falling under its purview. In the same order, the district court ordered past and present officers and employees of the entities covered by the Receivership to turn over such financial information.

Cole is one of those covered individuals. After Cole repeatedly refused to turn over documents sought by the Receiver—including information requested pursuant to a granted motion to compel—the district court held Cole in contempt. The district court also found Cole's reluctance to hand over the requested information sufficiently obstinate to issue sanctions against him.

On appeal, Cole challenges the validity of the contempt order and the sanctions levied against him. First, he argues that the Receivership ceased to exist before the district court issued the

contempt order because of provisions in the FDCPA.  Second, he contends the discovery requests giving rise to the Receiver's motion to compel were "stale," and thus, the ensuing contempt order was void.  Third, he argues that the sanctions accompanying the contempt order were invalid for similar reasons, and even if we disagree, he asks us to reduce the sanctions awarded by the district court.

## II

We review the district court's civil contempt findings under an abuse of discretion standard.  *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Citizens for Police Accountability Pol. Comm. v. Browning,* 572 F.3d 1213, 1216–17 (11th Cir. 2009).  We review a district court order of sanctions under that same standard of review.  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Cole first argues that the contempt order was invalid because provisions in the FDCPA effectively ended the Receivership. For support, he points us primarily to 28 U.S.C. § 3103, which says that "[a] receivership shall not continue past the entry of judgment."  This argument is without merit.  As other provisions in the Act demonstrate, the FDCPA lays out procedure rules for *debt collection*.  28 U.S.C. § 3001(a).  The Receivership was not created to collect a debt from Cole or, for that matter, anyone else on behalf

of the United States. Instead, the district court appointed the Receiver at the request of the SEC to preserve assets and records belonging to companies subject to an ongoing enforcement action. Accordingly, the FDCPA's rules for ending a receivership after "entry of judgment" in § 3103 are irrelevant to this appeal, and Cole's argument that the Receivership lacked "standing" fails.

Cole next argues that the contempt order was illegitimate because the discovery dispute giving rise to the contempt finding was "stale." In brief, Cole argues that the Receiver "abandoned" its discovery requests. This argument likewise fails. The Receiver initially requested documents and interrogatories on January 12, 2021. Cole never responded to the Receiver or objected to this request. The Receiver then asked Cole's counsel for relevant information again on February 21, 2022. Cole refused. After more back and forth with Cole's counsel, the Receiver filed a motion to compel Cole to produce requested materials on March 19, 2022, which the district court granted on April 29, 2022. The discovery saga wore on, ultimately ending with the district court holding Cole in contempt of court. We see no evidence in this timeline that the Receiver ever "abandoned" its discovery requests.[1] If anything, the

---

[1] Cole's references to district court decisions do not help his argument on this front. In those cases, the discovery deadline was near or had passed, or the requesting party had failed to move to compel. Here, by contrast, Cole does not argue that the discovery end date was immediate or that it had passed. And, given the facts of this case, it is clear that the Receivership had moved to compel Cole to produce the relevant documents.

record suggests any delays in the production of documents are due to Cole's recalcitrance.

Finally, Cole challenges the validity of the sanctions accompanying the district court's contempt order as well as the amount of sanctions awarded. While difficult to discern, Cole's attack on the legitimacy of the district court's sanctions order appears to rely mainly on his argument about the FDCPA's applicability. For reasons already explained, we conclude this argument lacks merit. In any event, Cole fails to appreciate that the district court sanctioned him for his broader practice of ignoring the court's orders during discovery, not just for making his FDCPA argument. Accordingly, he has given us no reason to conclude that the district court abused its discretion when it issued sanctions, either concerning its decision to issue sanctions in the first place or the specific amount of attorneys' fees awarded.

**AFFIRMED**.