[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15326
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00469-WKW-TFM

STEVEN MARK HAYDEN,
individually and as trustee for William B.
Cashion Nevada Spendthrift Trust and
William B. Cashion Family Trust,

Plaintiff-Appellant,

versus

ROBERT S. VANCE, JR.,
in his individual capacity,
ANNE-MARIE ADAMS,
in her individual capacity,
J. SCOTT VOWELL,
in his individual capacity,
HOUSTON BROWN,
in his individual capacity,
JAMES ALLEN MAIN,
in his individual capacity,
Associate Justice of Alabama Supreme
Court,

Defendants-Appellees,

ROY MOORE,
in his individual capacity, et al.,

                                                            Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 7, 2017)


Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Steven Mark Hayden, proceeding pro se,[1] appeals the district court's award

of attorneys' fees to Defendants Western Steel Incorporated, Merchants

Commercial Bank, and William B. Cashion in this civil action filed pursuant to 42

U.S.C. § 1983 and Alabama law.  No reversible error has been shown; we affirm.

This civil action arises out of Defendants' involvement in an underlying

Alabama court case (the "Jefferson County Action"), in which Cashion sued

_____

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263
(11th Cir. 1998).

2

Plaintiff for declaratory and injunctive relief.[2]  Briefly stated, Plaintiff alleges that Defendants conspired to have the Jefferson County Action assigned to an unconstitutional Commercial Litigation Docket ("CLD"), in violation of his Fourteenth Amendment due process rights and Alabama law.  The district court dismissed with prejudice Plaintiff's federal claims and declined to exercise jurisdiction over Plaintiff's state-law claims.

The district court then referred the case back to the magistrate judge for a determination about attorneys' fees.  The magistrate judge recommended that Defendants' motion for attorneys' fees be granted in part based on the district court's authority under 42 U.S.C. § 1988 and pursuant to the court's inherent powers.  In doing so, the magistrate judge made this observation:

> It is obvious from Hayden's multiple filings, a review of the state court docket, and the prior case filed in the Northern District of Alabama that Plaintiff simply will not accept the state court judgment and keeps court shopping in the vain hope to find someone who will agree with him.  Federal court jurisdiction does not work in such a fashion.  Enough is enough.  This Court finds Plaintiff's filings have crossed the line into the realm of frivolous, malicious, and unreasonable.

The district court adopted the magistrate judge's recommendation and awarded Defendants $15,000 in attorneys' fees and $76.06 in costs.  Plaintiff appealed.

---

[2] In addition to the Defendants involved in this appeal, Plaintiff named as defendants various state court judges, state court employees, the United States Department of Justice, and the United States Attorney for the Northern District of Alabama.

We review the district court's decision to grant attorneys' fees under an abuse-of-discretion standard. Davis v. Nat'l Med. Enters., 253 F.3d 1314, 1318-19 (11th Cir. 2001). An abuse of discretion occurs if the district court "fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1039 (11th Cir. 2010). The abuse-of-discretion standard implies necessarily that a district court has a range of choices; unless the district court's decision constitutes a clear error of judgment, we will affirm even if we might have decided the issue another way. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Courts have the inherent power to impose attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 43. A party acts in bad faith when he "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).

In the Jefferson County Action, the state court entered judgment against Plaintiff. Among other forms of relief, the state court enjoined Plaintiff from

4

"pursuing any cause of action against William B. Cashion, Merchants Commercial Bank, Western Steel, . . . or any of Mr. Cashion's other asserts, property or interests . . . that attempts to assert that any asset, property or interest of William B. Cashion is owned or controlled by" Plaintiff. The state court concluded that injunctive relief was warranted in part because Plaintiff had "demonstrated that little will stop [him] from attempting to acquire control of Cashion's assets or harassing [Cashion]." Plaintiff was also warned expressly that violating the court's injunction order would result in "severe sanctions." The state court judgment was affirmed on appeal by the Alabama Supreme Court.

In spite of the state court's warnings, Plaintiff thereafter attempted unsuccessfully to relitigate the same or similar issues and to otherwise attack the final judgment in the Jefferson County Action by filing suit both in another Alabama state court and in federal court. As a result, the Circuit Court of Jefferson County twice held Plaintiff in contempt for knowingly violating the court's order.

During the course of this federal proceeding, Plaintiff has continued his attempts to attack collaterally the Jefferson County Action. Plaintiff also filed in the district court a series of frivolous motions. Among other things, Plaintiff asserted that Cashion was incompetent and moved for a psychological exam pursuant to Fed. R. Civ. P. 35.

5

Given this record of Plaintiff's vexatious conduct and the repeated warnings issued to Plaintiff, the district court committed no clear error in determining that Plaintiff filed this civil action in bad faith. The district court thus abused no discretion in imposing attorneys' fees pursuant to its inherent power.[3] See Chambers, 501 U.S. at 45-46.

Plaintiff's remaining arguments on appeal are without merit.[4] First, the district court committed no error in considering documents filed in other cases involving Plaintiff and Defendants. Many of these documents were filed as exhibits by both parties in this case and, thus, were part of the record. Moreover, the district court was permitted to take judicial notice of documents filed in other court cases. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

We also reject Plaintiff's argument that the district court lacked jurisdiction to consider whether his civil action was filed in bad faith. The district court retains

---

[3] Because we conclude that the district court was authorized to impose attorneys' fees pursuant to its inherent power, we need not address whether attorneys' fees were also appropriate under 42 U.S.C. § 1988.

[4] To the extent Plaintiff seeks to challenge the district court's order dismissing his complaint, this appeal is untimely filed. See Fed. R. App. P. 4(a)(1)(A) (a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from"). To the extent Plaintiff's appellate brief can be construed as challenging the district court's denial of his motion to void the judgment, pursuant to Fed. R. Civ. P. 60(b), Plaintiff has failed to satisfy his burden of demonstrating "a justification so compelling that the court was required to vacate its order." For background, see Cavaliere v. Allstate Ins. Co., 996 F.2d 1111 (11th Cir. 1993).

jurisdiction to consider an award of attorneys' fees and costs, even after judgment is entered.  Zinni v. ER Solutions, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012).

AFFIRMED.