[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14924
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-14012-RLR

BENJAMIN VIENT,

                                                              Plaintiff-Appellant,

versus

HIGHLANDS NEWS-SUN,
ROMONA WASHINGTON,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 29, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

    Benjamin Vient, proceeding pro se, appeals the dismissal of his complaint

against the Highlands News-Sun (the "Highlands Sun" or the "Sun") as a sanction

for violating Federal Rule of Civil Procedure 11(b).  After careful consideration, we reverse the order imposing sanctions and remand for further proceedings.

## I.

In January 2015, Vient and the Highlands Sun agreed the Sun would publish two articles written and copyrighted by Vient.  Vient says that in 2018, he discovered the two articles online "outside of the Highlands News Sun" at publications called the "Highlands Journal" and "Newsbank."  Vient believed the two articles had been reproduced electronically in those publications without his authorization, in violation of his 2015 agreement with the Sun.  Vient also believed the Highlands Journal falsely claimed to have a copyright on one of the articles.

Alleging violations of federal copyright law, Vient filed his pro se action against the Highlands Sun and its executive editor, Romona Washington, in January 2019.  The district court permitted Vient to amend his complaint five times.

The Highlands Sun and Washington then moved to dismiss Vient's fifth amended complaint.  The defendants noted that Vient had filed seven other copyright lawsuits, some similar to his case against them.  The defendants asserted that a reasonable investigation of Vient's copyright claims showed the claims had no factual basis.  Specifically, the defendants stated it was public information that the Highlands Sun was called the Highlands Journal in 2015, the year in which

2

Vient's articles were published.  The defendants also said it was clear from the Highlands Sun website that "NewsBank" was the Sun's archive for past articles.  Thus, the defendants claimed there had been no second publication of either of Vient's articles for the Sun.

Upon receiving the defendants' motion to dismiss, the district court sua sponte raised the issue of Vient's compliance with Federal Rule of Civil Procedure 11.  The court took judicial notice of Vient's "remarkably similar" lawsuits against other publications and expressed concern that the current lawsuit "may not have a reasonable factual basis and may have been filed for an improper purpose, namely, to harass Defendants."  The court ordered Vient to identify his efforts to comply with Rule 11, "including, but not limited to[,] his obligation to conduct a reasonable inquiry into the facts he alleges."  The court advised the parties that it might order "an in-person hearing to determine whether Plaintiff has violated Rule 11 and whether sanctions may be appropriate."

Vient responded to the court's order and to the motion to dismiss, asserting that the Highlands Sun had authorized commercial electronic distribution of his article in violation of New York Times Co. v. Tasini, 533 U.S. 483, 121 S. Ct. 2381 (2001).  But in August 2019, Vient failed to appear for a status conference with the court and opposing counsel.  In response, the court ordered Vient to appear in person and show cause why he should not be subject to sanctions under

3

Rule 11.  Pending resolution of the show cause hearing, the court exercised its discretion to stay discovery and terminated all pending deadlines.

After the hearing, the court determined Vient had violated Rule 11(b) and sanctioned Vient by dismissing his complaint with prejudice.  The court repeated its concern that Vient had filed as many as nine similar lawsuits in the past.  The court summarized Vient's allegations that the Highlands Sun was not authorized to reproduce or publish his articles online, and yet he had discovered the articles in online library records, the Sun's online archives, and in online archives hosted by NewsBank.  The court held that this claim was without a basis in law or fact, because 17 U.S.C. § 108(a) permits non-commercial reproduction of a copyrighted work in libraries and archives.  The court noted that, although Vient alleged NewsBank and the Sun were selling his articles, he presented no evidence of this. The court also noted that Vient presented no evidence, other than a photocopied portion of an unidentified document, supporting his claim that the Highlands Sun falsely claimed a copyright on one of his articles.  The court held that Vient's claims were frivolous and dismissed his complaint with prejudice.

Vient unsuccessfully challenged the dismissal order.  Among other motions, Vient moved for a hearing in light of newly found evidence that NewsBank was charging for access to Vient's articles and that the Highlands Sun had authorized the electronic distribution of these articles.  Vient also moved the district court to

4

"declare for the record" its relationship with the law firm representing the defendants. Finally, Vient moved to vacate the dismissal order because the court overlooked the Supreme Court's decision in Tasini. The district court denied each of these motions.

Vient timely appealed from the dismissal order.

## II.

"We review a district court's imposition of sanctions for abuse of discretion." Silva v. Pro Transp., Inc., 898 F.3d 1335, 1338 (11th Cir. 2018) (per curiam). Pro se pleadings like Vient's are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## III.

### A.

First, Vient contends the district court abused its discretion by dismissing his suit with prejudice under Rule 11. We hold that the district court erred when it dismissed Vient's copyright claim based on the publication of his articles in NewsBank.

A district court may impose sanctions under Rule 11 "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success; or (3) is filed in bad faith for an improper

5

purpose." Silva, 898 F.3d at 1341 (quotation marks omitted and alterations adopted); see Fed. R. Civ. P. 11(b). Rule 11 "incorporates an objective standard." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). The district court must "determine whether a reasonable [party] in like circumstances could believe his actions were factually and legally justified." Id. The court "is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) (quotation marks omitted).

Sua sponte Rule 11 sanctions, such as those applied to Vient, "must be reviewed with particular stringency." Kaplan, 331 F.3d at 1255 (quotation marks omitted). In this circumstance, the district court should apply a heightened Rule 11 standard that is more "akin to contempt." Id. at 1255–56.

Here, the district court determined sanctions were appropriate because Vient made "factual contentions that lack evidentiary support and [pursued] legal theories that have no reasonable chance of success." Specifically, the district court reasoned that 17 U.S.C. § 108(a) barred Vient's claims, because § 108(a) permits reproduction of copyrighted material in "a library or archives . . . without any purpose of direct or indirect commercial advantage." Contrary to the district

6

court's order, we conclude that Vient did not take a frivolous legal position without evidentiary support.

First, Vient had objective reason to believe his legal theory had a reasonable chance of success. Vient alleged the Highlands Sun electronically reproduced his copyrighted article at a third-party outlet, NewsBank, without his authorization. In his filings and at the show cause hearing, Vient alleged that the Highlands Sun and NewsBank were, as the district court put it, "receiving a financial advantage from his articles." When the court directed Vient to describe his reasonable investigation of his claims, Vient cited to the Supreme Court's holding in Tasini, 533 U.S. at 506, 121 S. Ct. at 2394.

Tasini held that print publishers infringed on freelance authors' copyright by authorizing publication of the copyrighted articles in LEXIS/NEXIS ("LEXIS"), an electronic database. See id. The Court held that 17 U.S.C. § 108(a) did not protect the publishers from liability because, even if LEXIS was a library, LEXIS did not come "within the legal coverage of the term 'libraries' as used in the Copyright Act," in part because LEXIS reproduces articles for a commercial purpose. See id. at 503 n.12, 121 S. Ct. at 2392 n.12.

The claim recognized in Tasini tracks Vient's claim that the Highlands Sun allowed NewsBank to electronically publish his articles for a commercial purpose. And Tasini recognized that § 108(a)—the section upon which the district court

7

relied to dismiss Vient's complaint—does not bar such a claim if the electronic reproduction has the "purpose of direct or indirect commercial advantage." Id. Vient sufficiently alleged that NewsBank was not a "library" or an "archive" within the meaning of § 108(a) because it published his articles for a commercial purpose. Vient pointed to Supreme Court precedent and alleged a commercial purpose for NewsBank's reproduction of his articles. However, the district court never analyzed the Tasini decision when dismissing Vient's claims with prejudice. For these reasons, the district court erred in holding that Vient's legal theory had no reasonable chance of success.

Second, although Vient's pro se pleadings were inartful, his factual allegations did not lack evidentiary support. A reasonable person in Vient's shoes could believe his lawsuit was factually justified. When asked by the court to explain his factual investigation of his claims, Vient pointed to evidence available on NewsBank's website that NewsBank "offer[ed] publishers a cost-effective website archive sales solution . . . to sell articles from their archives." He also asserted, from his assessment of NewsBank's website, that NewsBank was "not an entity of Defendant." This was a reasonable factual basis supporting Vient's copyright claim.

Instead of accepting Vient's allegations, which were based on his reasonable investigation, the court accepted the Highlands Sun's version of the facts at the

8

motion to dismiss stage.  Specifically, although there were conflicting factual allegations and evidence, the court accepted the Highlands Sun's assertion that NewsBank was the Sun's own "newspaper archive[]," as opposed to a commercial database.

It is true that Vient did not produce specific evidence that NewsBank was selling access to his articles until after the court dismissed his complaint as a sanction.  But Vient had other evidence that a reasonable person in his position would believe justified his copyright claim.  "Rule 11 does not apply when one prong of, or argument supporting, a claim is deficient, but other prongs or arguments support the pleading or motion." Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989) (holding a district court abused its discretion by sanctioning a pro se plaintiff for lack of reasonable factual or legal basis).  At the motion to dismiss stage, Vient did not need to produce every piece of evidence in his favor.  Indeed, our Court "has repeatedly recognized that the reasonable inquiry standard of Rule 11 should not preclude plaintiffs from establishing their claims through discovery." Id.

Finally, we are aware that Vient failed to appear for a status hearing before the district court imposed sanctions.  However, our Court has held that even more serious lapses in judgment—such as a series of 19 late filings—do not justify sua

9

sponte Rule 11 sanctions.  See Kaplan, 331 F.3d at 1256.  Vient's absence from one hearing does not justify the dismissal of his complaint with prejudice.

On this record, the district court erred in holding that Vient's copyright claim based on the NewsBank publications lacked a reasonable factual and legal basis.  It was error for the district court to sanction Vient under Rule 11 and dismiss this claim with prejudice.[1]

### B.

Vient also argues that the district court judge should have disclosed her former connection with the law firm representing defendants.  He asks "whether it is appropriate for a Judge to oversee a case where she is a former partner of the law firm of [the defendant's] representation, and whether a Judge has a responsibility to disclose this fact."

This Court has held that there is no reason to question a judge's impartiality because of a decades-old affiliation with a law firm appearing before her.  See Draper v. Reynolds, 369 F.3d 1270, 1281 (11th Cir. 2004).  Although the district court erred here, there is no suggestion of judicial impropriety.

**REVERSED AND REMANDED.**

---

[1] Beyond this, the court took notice of the fact that Vient had filed other copyright lawsuits without considering whether those suits were found to be frivolous or were filed for purposes of harassment.