**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14206

Non-Argument Calendar

_____

ALAN R. ZIBELMAN,

ZIBELMAN LEGAL ASSOCIATES, PC,

*Interested Parties-Appellants,*

STEPHEN LAMPF,

LAMPF, LIPKIND, PRUPIS & PETIGROW, P.A.,

*Plaintiffs,*

*versus*

WARREN R. TRANZENFELD,

GLADIOLUS SURGERY CENTER, LLC,

 a Florida limited liability company,

IRA A ZUCKER,

SURGICAL CARE AFFILIATES, INC.,

 a Delaware corporation,

HUSNI A CHARARA,

*Defendants-Appellees,*

2                    Opinion of the Court                    24-14206

JAMES C. SAWRAN, et al.,

*Defendants.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80357-DMM

_____

_____

No. 24-14208
Non-Argument Calendar
_____

STEPHEN LAMPF,

LAMPF, LIPKIND, PRUPIS & PETIGROW, P.A.,

*Plaintiffs-Appellants,*

*versus*

WARREN R. TRANZENFELD, et al.,

*Defendants,*

GLADIOLUS SURGERY CENTER, LLC,
  a Florida limited liability company,
IRA A ZUCKER,
SURGICAL CARE AFFILIATES, INC.,
  a Delaware corporation,
HUSNI A CHARARA,

*Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80357-DMM

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, attorney Stephen Lampf and his firm, Lampf, Lipkind, Prupis & Petigrow, P.A., appeal the judgment on the pleadings in favor of Gladiolus Surgery Center, LLC, Husni Charara, and Ira Zucker, and attorney Alan Zibelman and his firm, Zibelman Legal Associates, P.C., appeal the sanctions and attorney's fees awarded to Surgical Care Affiliates, Inc. No reversible error occurred. We affirm.

## I. BACKGROUND

In 2015, Gladiolus sued Lampf and his firm in a Florida court, and Zibelman represented Lampf and his firm. Gladiolus alleged that Lampf and his firm sued United Healthcare Services, Inc., and United Healthcare Insurance Company on its behalf in federal court in 2010 to collect receivables allegedly owed to Gladiolus but that Lampf and his firm did so without its knowledge and consent. United Healthcare filed a counterclaim against Gladiolus and others in that litigation. The state complaint alleged that Lampf contacted Gladiolus for the first time in 2013, revealed that he was representing Gladiolus in the federal litigation, alerted Gladiolus to a potential conflict of interest, and asked Gladiolus to waive the

conflict. After Gladiolus retained other counsel and settled with United Healthcare, the federal court dismissed the suit.

Gladiolus sued Lampf and his firm for professional negligence and alleged that they had sued United Healthcare on its behalf without its knowledge or consent. Lampf and his firm filed a counterclaim. They alleged that Charara and Zucker partially owned Gladiolus and that Surgical Care had acquired an interest in Gladiolus in April 2016, after Gladiolus had filed its state lawsuit. They also alleged that Gladiolus had given them authority to sue on its behalf. The state court granted summary judgment against the counterclaim and ruled that no one on behalf of Gladiolus had contracted with Lampf and his firm. Gladiolus then voluntarily dismissed its complaint against Lampf and his firm without prejudice. The state court entered final judgment for Gladiolus, and a state appellate court affirmed.

Lampf and his firm, still represented by Zibelman, then filed this action in the district court based on diversity jurisdiction and alleged claims of malicious prosecution against Gladiolus, Charara, Zucker, and Surgical Care. Lampf and his firm alleged that they had Gladiolus's consent to file the federal suit against United Healthcare and that the state action by Gladiolus was instituted against them with malice and in bad faith. Gladiolus, Charara, and Zucker moved for judgment on the pleadings and argued that Lampf and his firm had based their complaint of malicious prosecution on matters decided against them in state court.

The district court granted judgment on the pleadings in favor of Gladiolus, Charara, and Zucker. It ruled that Lampf and his firm had failed to establish that the state action had led to a bona fide termination in their favor. It explained that Lampf and his firm's allegation—that Gladiolus had given them the authority to file the federal lawsuit—had been rejected in a ruling by the state courts.

Surgical Care moved to dismiss the malicious prosecution claims against it and for sanctions against Lampf and his firm under Federal Rule of Civil Procedure 11. FED. R. CIV. P. 11. The district court granted the motion to dismiss and awarded sanctions of $25,000 and attorney's fees in an agreed upon amount of $17,000. The district court explained that Rule 11 sanctions and attorney's fees were warranted because the claim of malicious prosecution against Surgical Care had no reasonable chance of success.

## II. STANDARDS OF REVIEW

Two standards govern our review. First, we review a judgment on the pleadings *de novo*. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022). We accept the allegations of the complaint as true and construe them in the light most favorable to the nonmoving parties. *Id*. Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving parties are entitled to judgment as a matter of law. *Id*. Second, we review an award of sanctions under Rule 11 for abuse of discretion. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014). We will affirm

unless the district court applied an erroneous legal standard or based its ruling on "clearly erroneous factual findings." *Id.* at 1259.

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that the district court did not err in granting judgment on the pleadings in favor of Gladiolus, Charara, and Zucker because the state action did not lead to a bona fide termination in favor of Lampf and his firm. Second, we explain that the district court did not abuse its discretion when it imposed Rule 11 sanctions and awarded attorney's fees because the claim against Surgical Care was not warranted by existing law.

### A. The District Court Did Not Err in Granting Judgment on the Pleadings in Favor of Gladiolus, Charara, and Zucker

To state a cause of action for malicious prosecution under Florida law, Lampf and his firm had to establish that Gladiolus, Charara, and Zucker had, with "malice" and "an absence of probable cause," "commenced or continued" a civil proceeding that resulted in "a bona fide termination" in their favor and that they "suffered damage as a result of the original proceeding." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). A bona fide termination is one in which a court, faced with a claim of malicious prosecution, can "conclude with confidence[] that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit." *Doss v. Bank Of Am., N.A.*, 857 So. 2d 991, 994 (Fla. Dist. Ct. App. 2003). Although a voluntary dismissal can qualify as a bona fide

termination, whether it does so "depends upon the reasons and circumstances underlying the dismissal." *Cohen v. Corwin*, 980 So. 2d 1153, 1156 (Fla. Dist. Ct. App. 2008).

Lampf and his firm alleged that Gladiolus had given them authority to sue on its behalf and knew of and benefited from their representation, but the state court ruled that no one on behalf of Gladiolus entered into an agreement with Lampf and his firm and there was no evidence that Gladiolus knowingly accepted the benefit of their representation. "[W]hen resolving a . . . motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). The district court could consider the state-court records because they concerned issues central to the claim of malicious prosecution, and Lampf and his firm failed to challenge their authenticity. Because the state-court records establish that the proceeding did not lead to a bona fide termination in favor of Lampf and his firm, the district court did not err in granting judgment on the pleadings in favor of Gladiolus, Charara, and Zucker.

*B. The District Court Did Not Abuse Its Discretion in Awarding Sanctions in Favor of Surgical Care and Against Zibelman and His Firm.*

A district court may award sanctions under Rule 11 when a party files a legal action based on a legal theory that has no reasonable chance of success. *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1340

(11th Cir. 2018); *see also* FED. R. CIV. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). The district court may also "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion" for sanctions.  FED. R. CIV. P. 11(c)(2).

Zibelman failed to establish that Surgical Care commenced the civil proceeding in state court against Lampf and his firm because he alleged in the operative complaint that Surgical Care did not acquire its alleged interest in Gladiolus until April 2016—more than a year after Gladiolus filed the original proceeding in state court. The district court also ruled that Zibelman presented no facts that would otherwise establish that Surgical Care otherwise participated in the proceeding to maintain or continue it. Zibelman fails to explain any error in that ruling.

We discern no abuse of discretion in the assessment of a $25,000 sanction and an award of $17,000 in attorney's fees to Surgical Care. Evidence established that Surgical Care had incurred over $25,000 in prosecuting the Rule 11 sanctions motion. And the $17,000 award of attorney's fees was not excessive. Zibelman agreed to this amount, and the fees Surgical Care incurred in prosecuting its Rule 11 motion totaled over $25,000.

## IV. CONCLUSION

We **AFFIRM** the orders granting judgment on the pleadings in favor of Gladiolus, Charara, and Zucker, and awarding sanctions and attorney's fees against Zibelman and his firm. We **DENY** Surgical Care's motion for sanctions.