**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 25-11536
Non-Argument Calendar
_____

DORETHA NICHOLS,

*Plaintiff-Appellant,*

*versus*

WALMART, INC.,
JIM C. WALTON,
ALICE L. WALTON,
S. ROBSON WALTON,
JOHN T. WALTON ESTATE TRUST, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:24-cv-00236-JRH-BKE
_____

Before JORDAN, KIDD, and MARCUS, Circuit Judges.

2                    Opinion of the Court                    25-11536

PER CURIAM:

Doretha Nichols appeals from the district court's dismissal of her pro se amended complaint alleging negligence against the defendants (collectively "Walmart"). The instant case follows a previous case Nichols brought against Walmart, alleging similar facts, that was dismissed for lack of subject matter jurisdiction because the amount in controversy did not exceed the required $75,000. In this appeal, Nichols argues that: (1) the district court erred in dismissing her claim again on subject matter jurisdiction grounds; (2) the district court erred when it failed to sanction Walmart; (3) the magistrate judge erred when he declined to recuse from her case; (4) the magistrate judge exceeded his statutory authority when he issued a Report and Recommendation ("R&R") without her consent; and (5) the district court failed to keep accurate records. After thorough review, we affirm.

**I.**

We review de novo a district court's determination of whether it has subject matter jurisdiction. *Gupta v. McGahey*, 709 F.3d 1062, 1064–65 (11th Cir. 2013). We review the denial of a motion for sanctions for abuse of discretion. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). We also review a judge's decision not to recuse himself for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1271–72 (11th Cir. 2019). A district court abuses its discretion if it applies the law in an unreasonable manner, follows improper

procedures in making a decision, or makes clearly erroneous factual findings. *Silva v. Pro Transp. Inc.*, 898 F.3d 1335, 1339 (11th Cir. 2018).

If the district court's order rested on two or more independent, alternative grounds, the appellant must challenge all of the grounds to succeed on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and the judgment is due to be affirmed. *Id.* We may affirm on any ground supported by the record, regardless of whether that ground was relied upon or considered by the district court. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

## II.

First, we are unpersuaded by Nichols's claim that the district court erred in dismissing her claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, thus, possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this limited jurisdiction, and the burden of overcoming this presumption rests on the party asserting jurisdiction. *Id.* If a court determines it lacks subject matter jurisdiction at any point in the litigation, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction cannot

be conferred by consent of the parties. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Federal courts can have subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or § 1332 (diversity jurisdiction). The two requirements for diversity jurisdiction are: (1) the suit must be between citizens of different states, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1), (b). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). While a court must give credit to a plaintiff's good faith claims, it need not accept all claims of damages at face value. *Morrison*, 228 F.3d at 1272. It has a duty to ensure it has jurisdiction and may take up the issue on its own, but must give the parties notice and an opportunity to be heard if it decides to do so. *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021).

Issue preclusion prevents parties from relitigating an issue that has already been litigated and decided. *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003). The requirements for issue preclusion are: (1) the issue is identical to the issue from the prior litigation, (2) the issue was actually litigated in the prior case, (3) the prior determination of the issue was a necessary and critical part of the judgment in the previous action, and (4) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* If all four requirements are met, a party may not relitigate the issue

unless she can prove a change in relevant circumstances between the first and second lawsuits. *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 637 (5th Cir. 1974).[1]

Here, the district court dismissed Nichols's complaint on two independent grounds: (1) Nichols had failed to establish subject matter jurisdiction, both because of issue preclusion and because she had failed to establish a sufficient amount in controversy; and (2) Nichols's filings included citations to nonexistent cases and unfounded claims, were filed in bad faith, so the case warranted dismissal as a non-monetary sanction under Rule 11. In this appeal, however, because Nichols only challenges the district court's dismissal of her complaint for lack of jurisdiction, she has abandoned any challenge to its alternate ground of dismissal based on Rule 11 sanctions. *Sapuppo*, 739 F.3d at 680. Because she has failed to challenge an independent, alternative ground for dismissal, we affirm on that ground alone. *Id.*

Regardless, the district court did not err, plainly or otherwise, in dismissing Nichols's amended complaint for lack of subject matter jurisdiction. This is because Nichols was precluded from relitigating whether the amount in controversy exceeded $75,000, as required for diversity jurisdiction, and because she failed to sufficiently allege that amount in good faith in this case. 28 U.S.C. § 1332(b). While Nichols's complaint alleged damages exceeding

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

$75,000, the magistrate judge, in an effort to ensure the court had jurisdiction, raised the issue on his own and provided the parties with notice and an opportunity to be heard on the issue. *McIntosh*, 5 F.4th at 1312. At the show cause hearing, the magistrate judge asked what had changed since Nichols's previous case against Walmart, where Nichols told the court that her medical expenses totaled only $4,500 and that she had perceived no change in her vision that would affect her ability to work as a truck driver. Nichols provided no evidence for further medical treatment or for her claims for lost wages, repeatedly telling the magistrate judge that she was not there to answer questions about the prior case. The magistrate judge then properly found that all the requirements of issue preclusion were met from the prior case. Thus, the district court did not err, plainly or otherwise, in dismissing Nichols's amended complaint for lack of subject matter jurisdiction.

## III.

We also are unconvinced by Nichols's claim that the district court abused its discretion when it failed to sanction Walmart. A district court has inherent authority to impose sanctions if it finds that a party has litigated a case in bad faith. *Silva*, 898 F.3d at 1340. Black's Law Dictionary defines "ex parte" as "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest." Black's Law Dictionary (12th ed. 2024).

Here, the district court did not abuse its discretion in not sanctioning Walmart. In its order adopting the R&R, the district

court correctly noted that none of Walmart's allegedly sanctionable actions violated procedural or ethical rules. Specifically, it found that Walmart's attorneys' appearances complied with Local Rules 83.4 and 83.6(a);[2] Walmart's response to Nichols's motion to compel was timely under Local Rule 7.5;[3] and Walmart's e-mail to the court requesting an extension was not ex parte communication because Nichols was copied on the e-mail. Because Walmart's counsel did not violate any of the rules as Nichols alleged, the district court did not abuse its discretion in failing to sanction them. Accordingly, we affirm as to this issue as well.

## IV.

Next, we find no merit in Nichols's claim that the magistrate judge should have recused from her case. A judge must recuse himself "in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Similarly, a party may seek recusal of a judge by filing an affidavit stating that the judge is

---

[2] An attorney not admitted to practice in the Southern District of Georgia may represent parties in that district under certain circumstances. N.D. Ga. Civ. R. 83.4(b). He must work with local counsel who is admitted in the district, file a certificate of good standing from a district where he is admitted, and provide a list of all cases in which he has appeared in the district. *Id*. 83.4(b)(1), (2). Unless otherwise stated, any pleading signed by an attorney shall constitute an appearance by that attorney. *Id*. 83.6(a).

[3] Local Rule 7.5 allows parties 14 days to respond to a motion. Failure to respond to a motion is construed to indicate there is no opposition to the motion. N.D. Ga. Civ. R. 7.5.

biased or prejudiced and stating the grounds for believing the bias exists. *Id.* § 144.

"To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Under either provision, the bias must stem from extrajudicial sources and must be focused against a party to the proceeding. *Hamm v. Members of Bd. Of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). An exception exists if "a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id.* However, neither the "judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Id.* Further, we require a party's certificate of interested persons to include all trial judges, attorneys, and persons with an interest in the case. 11th Cir. R. 26.1-2.

Here, the magistrate judge did not abuse his discretion by denying Nichols's motion to recuse. Nichols's argument that the magistrate judge's name appearing in Walmart's certificate of interested persons creates a conflict of interested is unfounded because his inclusion on the certificate is required by our Court's rules. *Id.* Further, his rulings against her, either in her prior case or here, would not convince a reasonable person that bias actually existed. *Christo*, 223 F.3d at 1333. And as for the magistrate judge's comments on Nichols's lack of evidence and rulings in favor of

Walmart in this case, they did not create a pervasive bias, particularly since these rulings did not violate procedural rules. *Hamm*, 708 F.2d at 651. We affirm as this issue too.

## V.

Likewise, Nichols's claim that the magistrate judge exceeded his statutory authority when he issued an R&R without her consent is baseless. Federal magistrate judges have authority to address pretrial matters and conduct hearings at the designation of a district court judge, as well as any duties that do not violate the Constitution or federal law. 28 U.S.C. § 636(b)(1)(A)–(B), (b)(3). These "ministerial tasks," subject to de novo review by the district court judge, do not require the consent of the parties. *PB Legacy, Inc. v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1263 (11th Cir. 2024).

Here, the district court did not address the issue of whether the magistrate judge exceeded his statutory authority in issuing the R&R because Nichols did not raise the issue to the district court. In any event, her consent was not required for the magistrate judge to issue an R&R, which was subject to the right of appeal to the district judge, so her argument is without any merit. 28 U.S.C. § 636(b); *Mosley*, 694 F.3d at 1309.[4]

**AFFIRMED.**

---

[4] Finally, we reject Nichols's claim that the district court failed to keep accurate records. The docket reflects correct case numbers on each document, correct attorneys and a correct label for her summons. Regardless, we are unconvinced that any alleged typographical errors affected the outcome of her case.